No. 14–5005/AF. United States, Appellant v. Todd E. McDowell, Appellee, Christopher A. Demario, Real Party In Interest. CCA 2013–28. On consideration of the

issues certified by the Judge Advocate General of the Air Force, 73 M.J. 287 (C.A.A.F. 2014), the briefs of the parties and of the *amici curiae*, the motions of Protect Our Defenders and the alleged victim for leave to file *amicus curiae* briefs and make oral argument in support of Appellant, and the motions of the Real Party in Interest and Appellant to supplement the record, we conclude that the United States Air Force Court of Criminal Appeals did not err in denying Appellant's petition for extraordinary relief. Accordingly, it is ordered that the motions of Protect Our Defenders and the alleged victim to file *amicus curiae* briefs are hereby granted, that the motions of the Real Party in Interest and Appellant to supplement the record are hereby granted, that the motions of Protect Our Defenders and the alleged victim to make oral argument are hereby denied as moot, that the certified issues are answered in the negative, and the decision of the Court of Criminal Appeals is hereby affirmed.

BAKER, Chief Judge (concurring):

I agree with the reasoning of the Court of Criminal Appeals as to why the military judge did not abuse his discretion in this case as well as its reasons for not granting a writ of mandamus. A writ of mandamus is limited to "the exceptional case where there is clear abuse of discretion or 'usurpation of judicial power.'" *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953). Neither is present in this case. However, given the importance of the issues raised to military justice, including to the alleged victim, to the Government, and to the accused, I believe it important to state on the record my concurrence with the military judge and the lower court. I also do so to highlight the *sui generis* nature of this case.

*Background*

As summarized in the lower court's order, a single charge and specification were preferred against the accused alleging the rape of BB, a 16–year-old female acquaintance. On the day prior to the Article 32, UCMJ,[1] investigation, defense counsel interviewed the alleged victim for three hours. At the hearing, defense counsel informed the investigating officer that they had not been able to complete their interview of the alleged victim the previous day. To accommodate the defense the investigating officer allowed more expansive questioning of the alleged victim "that would normally have been covered during a pretrial interview." After more than two hours on the stand answering the defense questions, it appeared to the investigating officer that the alleged victim was becoming upset with the nature of the questions. At this point the investigating officer informed the alleged victim that she was not obligated to continue her appearance at the hearing and that she was free to leave, and she departed. At the point the witness's testimony terminated, defense counsel had just begun questioning her relating to the events on the day of the alleged act. Up to that point, counsel had been questioning her on her interactions with the accused leading up to the day of the alleged rape.

Later, at a pretrial Article 39(a), UCMJ,[2] session, the defense moved to depose the alleged victim asserting they had had insufficient opportunity to interview her or to cross-examine her at the Article 32 investigation. The military judge concluded, "due to the exceptional circumstances of this case, it is in the interest of justice that

---

1. Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 (2006).
2. 10 U.S.C. § 839(a) (2006).

the testimony of [the witness] be taken and preserved." He then granted the motion to depose the witness and ordered the convening authority to reopen the Article 32 investigation to allow the investigating officer to consider the deposition once it was taken. The Government filed a Petition for Extraordinary Relief with the Court of Criminal Appeals seeking a writ of mandamus against the military judge. Relief, however, was denied.

A writ of mandamus is a writ this court may issue under the authority of the All Writs Act, 28 U.S.C. § 1651(a) (2006). However, "[t]o justify reversal of a discretionary decision by mandamus, the judicial decision must amount to more than even 'gross error'; it must amount 'to a judicial usurpation of power' or be 'characteristic of an erroneous practice which is likely to recur.'" *Murray v. Haldeman*, 16 M.J. 74, 76 (C.M.A. 1983) (internal citations omitted).

*Discussion*

At the time of the military judge's ruling, Article 49(a), UCMJ [3], provided the accused a statutory right to "take oral or written depositions unless the military judge . . . forbids it for good cause." Moreover, as a general matter, an accused has a due process right to interview witnesses in order to prepare a defense. Consistent with these principles, "A request for a deposition may be denied only for good cause." Rule for Courts–Martial (R.C.M.) 702(c)(3)(A). "The fact that a witness is or will be available for trial is good cause for denial in the absence of unusual circumstances . . . ." R.C.M. 702(a)(3)(A) Discussion. However, if there are unusual circumstances, such as the "unavailability of an essential witness at an Article 32 hearing," there is no good cause to deny the deposition. *Id.*

Three factors make this case both *sui generis* and place it beyond easy characterization. First, the witness BB was available for trial. She was also interviewed prior to trial and cross-examined during the Article 32 investigation. However, at the same time, and as noted by the military judge and the Court of Criminal Appeals, BB's pretrial interview was terminated before the defense had concluded its questioning, and her cross-examination testimony at the Article 32 investigation was curtailed before the incident in question was addressed.

Second, in the context presented, the military judge placed limits on the deposition. The military judge's order permits BB's attorney to attend the deposition, including those portions relating to matters covered by Military Rule of Evidence (M.R.E.) 412, thus allowing BB to exercise any privileges, including her privilege under M.R.E 513 to refuse to disclose confidential communications between her and her psychotherapist. *See* R.C.M. 405(i). In addition, the military judge's order provides additional protection by requiring the defense to provide notice and by authorizing the deposition officer to take reasonable and necessary measures if issues under M.R.E. 412 arise.

These safeguards were in addition to the existing rules and tools already available to the military judge to regulate the proper conduct of depositions. For instance, under R.C.M. 702(f)(3), the deposition officer is charged with protecting witnesses from "annoyance, embarrassment, or oppression." Also, under R.C.M. 702(g)(1)(B), "The scope and manner of examination and cross-examination shall be such as would be allowed in the trial itself." Thus, it would appear that the military judge, who was

---

**3.** 10 U.S.C. § 849 (2006).

in the best position to observe the witness and was most able to assess the circumstances surrounding the issue of the witness's expected testimony in this case, exercised discretion that was within the ambit of his authority.

Third, while Article 32 has been amended, the impact of this provision on military practice is not at issue in this case. As the Court of Criminal Appeals noted: "Defense counsel may or may not have greater occasion to request depositions of alleged victims after this legislation takes effect, but such requests will be based on different factual predicates than the situation in this case." Under Article 6b, UCMJ,[4] victims have the right not to be excluded from, and the right to be heard at any hearing convened pursuant to Article 32. Although this provision of the UCMJ took effect after the Article 32 investigation in this case, it is an example of a continuing trend toward affording alleged crime victims protections throughout the criminal justice process, particularly in sexual assault cases. As the lower court pointed out, further changes are on the horizon. The coming changes to Article 32 itself will expressly state that no victim will be required to testify at an Article 32 hearing.[5] Moreover, the fact of the matter is that in this case the alleged victim was a civilian who could not have been compelled to appear, or continue her appearance, at the Article 32 hearing in the first place. *See* R.C.M. 405(g)(2)(B) Discussion. Thus, how Article 6(b) and the new Article 32 interplay with an accused's rights is not addressed in this case and must be resolved in future contexts.

As a result, I concur with the Court's resolution of the relevant motions in the case and the Court's disposition of the certified issues.

4.  10 U.S.C. § 806b (2013).
5.  Pub.L. 113–66, FY 2014 National Defense Authorization Act, § 1702(a).